UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**HEALTH FIRST, INC.,**

    **Plaintiff,**

v.                                                                                                          **Case No: 6:11-cv-715-Orl-41KRS**

**RICHARD HYNES,**

    **Defendant.**

## ORDER

THIS CAUSE is before the Court on Plaintiff's Renewed Motion to Determine Amount and Award Reasonable Attorney's Fees and Non-taxable Costs ("Fees Motion," Doc. 217). On June 27, 2016, United States Magistrate Judge Karla R. Spaulding submitted a Report and Recommendation ("R&R," Doc. 236), in which she recommends that the motion be granted in part and Plaintiff be awarded a portion of its requested fees and expenses. Both Plaintiff and Defendant filed objections to the R&R, (*see* Pl.'s Obj., Doc. 237; Def.'s Obj., Doc. 238), and Plaintiff filed a response to Defendant's Objection, (Pl.'s Resp., Doc. 240). After an independent *de novo* review of the record, the R&R will be adopted in part and rejected in part.

**I.**     **LEGAL STANDARD**

A district court is required to review *de novo* the objected-to portions of a magistrate judge's recommendation and "may accept, reject, or modify, in whole or in part" the recommendation. 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). Moreover, a district court may "receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1).

**II.**     **ANALYSIS**

Plaintiff requests to recover attorneys' fees for time spent in eight specific categories: (1) fees related to addressing Defendant's eDiscovery requests; (2) fees related to Defendant's request to inspect computers and servers; (3) fees related to pursuing discovery from Defendant's technology expert; (4) fees related to Defendant's summary judgment motion; (5) fees related to Defendant's motion for sanctions for the alleged spoliation of evidence; (6) fees related to Defendant's motion *in limine*; (7) fees related to the motion for disqualification and to determine privilege; and (8) fees incurred in preparing for and taking this case through trial. With respect to the first, second, third, fifth, and eighth categories, the dollar amount proposed in the R&R will be adopted without further comment. The Court will also adopt the reduction in the hourly rate of paralegal Linda Edgar as unopposed.

Plaintiff also seeks to recover a portion of its non-taxable costs for fees paid in deposing Defendant's expert and fees paid to Plaintiff's expert to oversee the examination of Plaintiff's computer. Defendant's objection is without merit. Plaintiff will be awarded $13,397.00 in non-taxable costs as set forth in the R&R.

### A. Reasonable Hours

Judge Spaulding recommends reductions in the total number of compensable hours allowed with respect to Plaintiff's response to Defendant's summary judgment motion, motion *in limine*, and motion to disqualify. Plaintiff objects to all three reductions.

*1. Plaintiff's response to Defendant's motion for summary judgment*

Plaintiff objects to the disallowance of $616.00 for fees incurred in relation to a proposed Rule 11 motion that was never filed. Specifically, Plaintiff contends that although the motion was not ultimately filed, Defendant did supplement his filings with respect to the motion for summary judgment to correct the factual error contained therein. (*See* Def.'s Supp. to Mot. Summ. J., Doc.

100). Therefore, Plaintiff contends, these fees were reasonably incurred. The Court agrees and will add $616.00 in this category; Plaintiff will be awarded lodestar fees of $15,836.00 in this category.

        2.    *Plaintiff's response to Defendant's motion in limine*

On September 5, 2012, Defendant filed two motions *in limine* (Doc. Nos. 101, 102), which the Court struck on September 7, 2012, for failure to comply with the Court's case management preferences, (Sept. 7, 2012 Order, Doc. 105). Thereafter, on October 2, 2012, Defendant filed a renewed motion. (Renewed Mot. *in Limine*, Doc. 120). In the R&R, Judge Spaulding recommends that Plaintiff only be allowed to recover fees incurred after the renewed motion was filed. (R&R at 16–17). Plaintiff argues that it should be compensated for work related to the initial Motions *in Limine* because it reused this work, rather than redoing the work, in responding to the identical renewed motion.

The Court agrees that Plaintiff should be able to recover for any work which it was not required to duplicate with respect to the renewed motion. However, the Court has found only a total of thirty minutes of time spent on developing a response to the Motions *in Limine* between September 5, 2012, and September 7, 2012. With respect to the remainder of the claimed time, the Court will not award such time as reasonable. To the extent Plaintiff claims to have incurred fees prior to September 5, 2012, Plaintiff has failed to apprise the Court of the basis on which it was able to review or discuss a motion which had not yet been filed or served on Plaintiff. Additionally, time spent reviewing the initial Motions *in Limine* is not time which could be saved with respect to the renewed motion. Each motion had to be reviewed independently. Accordingly, a total of $127.50 for 0.5 hours expended by Mr. Cox will be added to the total in this category, and Plaintiff will be awarded $3,931.50.

        3.    *Plaintiff's response to Defendant's motion to disqualify*

On September 5, 2012, Defendant filed a Motion to Disqualify the Law Firm of Holland & Knight LLP ("Motion to Disqualify," Doc. 104). On or around that date, a nearly identical motion was also filed in pending litigation between the parties in state court. Judge Charles Holcomb held an evidentiary hearing on the motion in the state court case between September 19, 2012, and October 1, 2012. Plaintiff filed a response to the motion in this Court on September 24, 2012. (Pl.'s Resp. to Mot. to Disqualify, Doc. 114). At a status conference before Judge Spaulding on October 2, 2012, this Court became aware of the evidentiary hearing held in state court on the same issues. Accordingly, the following day, this Court stayed this case pending the resolution of the motion in state court. (*See* Oct. 3, 2012 Order, Doc. 123). Defendant ultimately withdrew the motion in this case after he was unsuccessful in state court.

Plaintiff seeks to recover its fees associated with responding to the Motion to Disqualify and filing its own Motion for Order Determining that No Privilege Applies to Documents Produced by Non-party ("Motion for Order," Doc. 115). Plaintiff also seeks to recover fees associated with two motions for reconsideration of the stay. Judge Spaulding recommends that all of these fees be disallowed as not reasonable. Specifically, Judge Spaulding determined that had Plaintiff informed the Court about the pending motion and hearing in the state court prior to responding to the Motion to Disqualify, this Court would have stayed the case and Plaintiff would not have incurred the fees in connection with the motion. Plaintiff argues that it could not have anticipated that this Court would stay the litigation pending a ruling in state court when the state court ruling would not be binding on this Court, and this Court would have to apply a different standard in ruling on the motion.

The Court finds Plaintiff's arguments persuasive. Although it may have been more cost effective to have sought a stay or extension prior to filing responsive documents, Plaintiff's actions

were not unreasonable. Therefore, the Court will allow Plaintiff to recover fees in connection with its response to the Motion to Disqualify, its Motion for Order, and the related Motion to File Under Seal (Doc. 106). The Court will not, however, award Plaintiff fees for its motions for reconsideration of the stay. Such motions were not reasonably necessary in light of this Court's October 3, 2012 Order *sua sponte* staying these proceedings, particularly where the relief Plaintiff was requesting had the potential of directly and substantially conflicting with rulings issued by the state court. Additionally, the Court will exclude fees allegedly incurred prior to the date on which the Motion to Disqualify was filed in this Court and served on Plaintiff. Finally, the Court has excluded from its calculation any entry in the billing records which does not clearly specify the nature of the work and has estimated time where block billing was used. Accordingly, the Court finds that the following time and fees will be added to the total in this category:

| PROFESSIONAL | HOURS WORKED | HOURLY RATE | FEE |
| --- | --- | --- | --- |
| Hoffman | 28.8 | $385.00 | $11,088.00 |
| MacKenzie | 1.0 | $385.00 | $385.00 |
| Boruke | 54.2 | $375.00 | $20,325.00 |
| McKown | 14.9 | $355.00 | $5,289.50 |
| Adams | 37.2 | $345.00 | $12,834.00 |
| Cox | 60.9 | $255.00 | $15,529.50 |
| Mears | 8.0 | $255.00 | $2,040.00 |
| Hatch | 1.7 | $165.00 | $280.50 |
| **TOTAL FEES:** | | | $67,771.50 |

All other fees in this category will be disallowed for the reasons set forth herein. Plaintiff is entitled to $78,891.50 in fees for this category.

      **B.**      **Adjustments**

As set forth in the R&R and this Order, Plaintiff incurred reasonable attorneys' fees in the amount of $288,337.00 before adjustments. Judge Spaulding recommends that this number be adjusted by an across-the-board reduction to account for the fact that only one of Plaintiff's three claims allows for the recovery of attorneys' fees and due to the excessive duplication of efforts by Plaintiff's counsel.

First, Plaintiff argues that there should not be a reduction to account for the lack of fee shifting provisions in two of the three causes of action. Plaintiff has cited no legal authority in support of its argument that a reduction would not be appropriate. A reduction in the total fee award is appropriate. A substantial portion of the fees incurred in this case were related to research, briefing, and presenting two causes of action for which Plaintiff cannot recover fees. However, it would be nearly impossible to determine exactly which claim was being addressed in each billing entry. Therefore, an across-the-board percentage reduction to account for time spent working on claims for which Plaintiff cannot recover fees is appropriate, and the Court will apply a percentage reduction to the total fees.

Second, to the extent the parties object to the R&R's findings under the *Johnson* factors, the objections are not well taken. Although several issues were raised in this case—both claims and defenses—none of the issues were particularly novel or complex. Thus, Judge Spaulding correctly concluded that the novelty and difficulty of the questions presented had a neutral impact on the proper award of fees in this case. The Court also agrees that the results obtained in this case are neutral. Contrary to Defendant's argument, Plaintiff did not abandon actual damages under the

Stored Communications Act. The Court labeled the actual damages as damages under Plaintiff's Computer Fraud and Abuse Act claim, but those damages could have been recovered under the Stored Communications Act claim as well. The Court's election to allocate the damages in a certain way does not impact the attorneys' fees analysis. As to Plaintiff's argument that Judge Spaulding failed to account for nonmonetary damages awarded in this case, the value of those damages does not significantly impact this factor. The results obtained in this case were not minimal, but neither were they extraordinary. Accordingly, this factor is also neutral.

Finally, the Court agrees with Judge Spaulding that while litigating this case required skilled attorneys, Plaintiff needlessly duplicated the work. There are numerous instances in which Plaintiff's counsel billed for multiple reviews of the same documents and in which several people billed for attending conferences and conferring with each other. Furthermore, although the associates on this case did a substantial amount of work, Plaintiff has provided no justification for the need to have five partners billing a significant portion of the hours in this case. The Court notes that almost half of the hours billed in this litigation were billed by partners. Although this litigation was contentious and involved several issues, it did not require the skills of five partners to litigate this matter assisted by only two associates. Accordingly, the Court will also apply a percentage reduction to all fees awarded.

The Court will also apply a percentage reduction to all fees to account for what appear to be—albeit likely inadvertent—attempts to recover fees for reviewing and addressing motions filed in other litigation between these parties. Specifically, as the Court has noted on two occasions, it appears that Plaintiff was inexplicably able to review and discuss Defendant's motions before they were filed or served in this litigation. The most logical explanation is that Plaintiff was actually reviewing similar documents filed in other cases. While the Court has disallowed such fees where

it is clear that there has been bleed-over between the numerous cases, a minimal percentage reduction to all fees would further ensure that Plaintiff does not improperly recover fees for work related to the parties' state court litigation.

For these reasons, Plaintiff's attorneys' fees award will be reduced by an additional forty percent. This Court found that the hours reasonably spent on this litigation resulted in a total fee of $288,337.00. Minus forty percent—$115,334.80—the total fees which Plaintiff will be awarded is $173,002.20.

### III.  CONCLUSION

In accordance with the foregoing, it is hereby **ORDERED** and **ADJUDGED** as follows:

1. The Report and Recommendation (Doc. 236) is **ADOPTED in part** and made a part of this Order to the extent consistent with that stated herein. In all other respects, the R&R is **REJECTED** for the reasons stated herein.

2. Plaintiff's Renewed Motion to Determine Amount and Award Reasonable Attorney's Fees and Non-taxable Costs (Doc. 217) is **GRANTED in part**.

3. Plaintiff is awarded $173,002.20 in attorneys' fees and $13,397.00 in costs.

**DONE** and **ORDERED** in Orlando, Florida on September 1, 2016.



Copies furnished to:

Counsel of Record